IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

    Plaintiff,               No. 2: 11-cv-0965 GEB KJN P

    vs.

SILVIA GARCIA, et al.,

    Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        By order filed April 21, 2011, plaintiff was ordered to file an in forma pauperis affidavit or pay the filing fee within thirty days. Thirty days passed and plaintiff did not respond to that order. Accordingly, on June 3, 2011, the undersigned recommended that this action be dismissed.

        On May 31, 2011, plaintiff filed a motion to proceed in forma pauperis. This motion was not on the court docket at the time the findings and recommendations were signed. Good cause appearing, the June 3, 2011 findings and recommendations are vacated.

////

1

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The complaint herein is dismissed because it is not clear who are the intended defendants. In the first section of the complaint titled "parties," plaintiff identifies the defendants as Garcia, Jimenez, Levin, Sands, Runnels, Mangis, Roche, James, Rohlfing, Dial, Gillette, Callison, Brewer, Chandler, Turner, McCue, Pontarolo and Fernandez. (Dkt. 1 at 5-11.) In the section of the complaint titled "statement of claims," plaintiff mentions ten additional defendants including Paramo (id., at 14), Gray (id., at 15), Barton (id., at 15, 17), Silva (id., at 17), Watson (id., at 19), Phinny (id.), Rummel (id.), Young (id., at 22), Williams (id.) and Leo (id., at 25). Because it is not clear whom plaintiff intends to name as defendants, the complaint is dismissed with leave to amend. If plaintiff files an amended complaint, he must clearly identify the defendants.

Plaintiff's complaint is dismissed for the following additional reasons.

The complaint contains no allegations against defendants Garcia, Jimenez, Levin,

3

1  Sands and Runnels. The Civil Rights Act under which this action was filed provides as follows:

2      Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
3  deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
4  law, suit in equity, or other proper proceeding for redress.

5  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

6  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

7  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

8  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

9  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

10 policy demonstrating their authorization or approval of such misconduct). "A person 'subjects'

11 another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

12 affirmative act, participates in another's affirmative acts or omits to perform an act which he is

13 legally required to do that causes the deprivation of which complaint is made." Johnson v.

14 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15       Moreover, supervisory personnel are generally not liable under § 1983 for the

16 actions of their employees under a theory of respondeat superior and, therefore, when a named

17 defendant holds a supervisorial position, the causal link between him and the claimed

18 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

19 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

20 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

21 there is no evidence of personal participation). Vague and conclusory allegations concerning the

22 involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board

23 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

24 personal participation is insufficient).

25       Because the complaint contains no allegations against defendants Garcia,

26 Jimenez, Levin, Sands and Runnels, the claims against these defendants are dismissed. If

plaintiff files an amended complaint, he must clearly describe how each defendant allegedly violated his constitutional rights.

Finally, while all of the alleged deprivations occurred at High Desert State Prison, plaintiff has included several unrelated claims. The bulk of plaintiff's claims allege violation of the right to adequate medical care.[1] However, plaintiff includes several additional claims unrelated to the allegations of inadequate medical care. For example, plaintiff alleges that defendant Pontarolo was involved in the theft of his hot pot. (Id., at 19.) Plaintiff alleges that defendant Chandler brought him a food tray containing contaminated food. (Id., at 21.) After plaintiff requested a different food tray, defendant Chandler allegedly challenged plaintiff to a fight. (Id.) Defendant Turner allegedly spit on plaintiff in retaliation for plaintiff's filing of grievances. (Id., at 23.) Plaintiff alleges that defendant McCue denied him access to religious prayer oils. (Id., at 30.)

Federal Rule of Civil Procedure 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants

---

[1] Plaintiff alleges that defendants Gillette, Callison, Mangis, Dial, Roche and Rohlfing denied him access to a wheel chair that had been prescribed by Dr. Smith. (Dkt. 1, at 15-16, 18, 27.) Plaintiff alleges that after he suffered a stroke, his cellmate called an emergency "man down" situation. (Id., at 18.) Plaintiff alleges that when defendant Gillette responded, he laughed at plaintiff and refused to provide medical care. (Id.) Plaintiff alleges that defendants Callison and Gillette did not give him his medication on time on several occasions. (Id., at 19.) Plaintiff alleges that defendant Dial provided him with inadequate medical care following his stroke. (Id., at 20.) Plaintiff alleges that defendant Mangis denied his request for off-site medical care following his stroke, following which plaintiff suffered additional strokes. (Id.) Defendant Roche allegedly denied plaintiff's request for off-site medical care after his assault by (defendant) Young. (Id., at 22.) Defendant James allegedly denied his request to see a specialist. (Id., at 23.) Defendant Fernandez allegedly denied plaintiff access to his medications. (Id., at 24.) Defendant Roche allegedly denied plaintiff's request to be seen by a stroke specialist. (Id., at 26.)

5

belong in different suits[.]"  Id.

        Plaintiff's claims regarding denial of religious oils against defendant McCue are unrelated to his claims alleging inadequate medical care, as are his claims against defendant Pontarolo regarding alleged theft of the hot pot, his claims against defendant Chandler for allegedly bringing him contaminated food and his claims against defendant Turner for allegedly spitting on him.  In an amended complaint, plaintiff should not raise unrelated claims, but rather focus on a few specific related claims.  For example, in the amended complaint plaintiff may raise his claims alleging denial of adequate medical care.  Plaintiff may need to file separate actions if he wishes to litigate unrelated claims.

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis *(*Dkt. No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The June 2, 2011 findings and recommendations (Dkt. No. 9) are vacated.

DATED: June 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arm965.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

     Plaintiff,                              No. 2: 11-cv-0965 GEB KJN P

    vs.

SILVIA GARCIA, et al.,                  <u>NOTICE OF AMENDMENT</u>

     Defendants.

_____/

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

     _____        Amended Complaint

DATED:

                                                     _____
                                                     Plaintiff