IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY K. ARMSTRONG,

    Plaintiff,               No. 2: 11-cv-0965 GEB KJN P

    vs.

SILVIA GARCIA, et al.,

    Defendants.        ORDER

_____/

        On May 4, 2012, defendants Callison, Barton, Roche, Leo, Rohlfing, Dial, Davey, James and Gillette filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that plaintiff's claims are barred under the doctrine of res judicata because they were previously litigated. Defendants also argue that plaintiff's claims are barred by the statute of limitations. Plaintiff has not opposed the motion.

        Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On March 1, 2012, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

////

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed [date para 8 USM svc order issued], plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

In the motion to dismiss, defendants state that although the Office of the Attorney General does not represent defendant Mangis, the claims against defendant Mangis should be dismissed under the doctrine of res judicata and because they are barred by the statute of limitations. Service as to defendant Mangis was returned unexecuted. On May 9, 2012, the court granted plaintiff sixty days to provide further information for service of defendant Mangis.

Were the court to deny the motion to dismiss as to the claims against defendant Mangis, it could not order defendant Mangis to file an answer because he has not been served. For these reasons, at this time the court declines to address the arguments made in the motion to dismiss on behalf of defendant Mangis.

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days of the date of this order, plaintiff shall file an opposition, if any, to the motion to dismiss. Failure to file an opposition will be deemed as consent to have the: (a) pending motion granted; (b) action

////
////
////

1  dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply
2  with these rules and a court order.  Such failure shall result in a recommendation that this action
3  be dismissed pursuant to Federal Rule of Civil Procedure 41(b).
4  DATED: June 20, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8  arm965.nop