IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

       Plaintiff,                   No. 2: 11-cv-00965 GEB KJN P

   vs.

SILVIA GARCIA, et al.,             ORDER AND

       Defendants.          FINDINGS & RECOMMENDATIONS

_____/

I. <u>Introduction</u>

       Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss on grounds that this action is barred by the statute of limitations and on grounds that plaintiff's claims are barred by the doctrine of res judicata. The motion is made on behalf of all defendants but for defendant Mangis who has not yet been served.[1]

       After carefully considering the record, the undersigned recommends that defendants' motion be granted.

////

_____

[1] By a separate order, the undersigned recommends the dismissal of defendant Mangis from this action.

1

II.  Res Judicata

The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation."  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).  The court bars a claim where there is an identity of claims, a final judgment on the merits, and privity between parties.  See Mpoyo v. Litton Electro–Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005).  An identity of claims exists if the two actions arise out of the same transactional nucleus of facts.  Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes, 323 F.3d 767, 770 (9th Cir. 2003).  Res judicata "bar [s] all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action."  Constantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980)).

Res judicata is generally jurisdictional; therefore the motion to dismiss is properly made under Federal Rule of Civil Procedure 12(b)(1).  See Lande v. Billings Hospitality, Inc., 2008 WL 4180002, *1 (D.Mont. 2008).

This action is proceeding on the amended complaint filed October 19, 2011, as to defendants Gillette, Barton, Callison, Dial, Roche, Rohlfing, Davey, Mangis, Leo and James. Defendants argue that plaintiff filed an amended complaint in Armstrong v. Garcia, 2:08-cv-0039 FCD KJM P (hereinafter "08-cv-0039"), which made identical allegations against those named as defendants in the instant action.

The undersigned below compares the claims on which the instant action is proceeding with those made in 08-cv-39.

*Alleged Denial of Access to Wheelchair*

In the instant action, plaintiff alleges that defendants Gillette, Barton, Callison, and Dial refused to allow him to use a wheelchair from March 23, 2004, through July 2, 2004. (Dkt. No. 21 at 3-4, 10.)  Plaintiff alleges that in December 2004, defendants Roche and Rohlfing denied his administrative grievances requesting access to a wheelchair.  (Id. at 12.)  Plaintiff

2

1    alleges that defendant Davey seized his wheelchair by force.  (Id. at 18-19.)

2           In the operative amended complaint filed in 08-cv-39, plaintiff alleged that

3    beginning in March 2004[2], defendants Gillette, Barton, Callison and Dial denied him access to a

4    wheelchair.[3]  (08-cv-39, Dkt. No. 34 at 11:18-25, 26-28; 12:1-4, 7-10, 18-18; 13:1-9.)  Plaintiff

5    alleged that defendants Roche and Rohlfing denied his December 2004 administrative appeals

6    requesting access to a wheelchair.  (Id. at 23:1-5.)  Plaintiff alleged that defendant Davey forcibly

7    removed plaintiff from his wheelchair.  (Id. at 23:15-23.)  On May 21, 2009, the Honorable

8    Kimberly J. Mueller ordered service of those Eighth Amendment claims.  (08-cv-39, Dkt.

9    No. 39.)

10          On June 15, 2010, in 08-cv-39, the Honorable Frank C. Damrell dismissed the

11   claims against defendant Gillette without prejudice.  (08-cv-39, Dkt. No. 102.)  Accordingly, the

12   doctrine of res judicata is not applicable to the claims against defendant Gillette because the

13   claims against defendant Gillette were not previously adjudicated on the merits.

14          While plaintiff may have named defendant Davey as a defendant in 08-cv-39,

15   defendant Davey was not served in 08-cv-39.  Accordingly, the doctrine of res judicata is not

16   applicable to the claims against defendant Davey because the claims against defendant Davey

17   were not previously adjudicated on the merits.

18          Plaintiff's claims in the instant action regarding denial of access to a wheelchair

19   made against defendants Barton, Callison, Dial, Roche and Rohfling are identical to those made

20   against these defendants in 08-cv-39.  On June 15, 2010, in 08-cv-39, the Honorable Frank C.

21   Damrell dismissed the claims made against defendants Barton, Callison, Dial, Roche and

22
23          [2]  In the amended complaint filed in 08-cv-39, plaintiff alleges that he was first denied a
     wheelchair beginning in March 2008.  (08-39, Dkt. No. 34 at 11: 18-19.)  However, it is clear
24   that plaintiff intended to allege that he was denied a wheelchair beginning in March 2004, as
     opposed to 2008.

25          [3]  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp.,
26   80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S.
     1126 (1981).

                                                  3

1  Rohfling  regarding denial of access to a wheelchair pursuant to Federal Rule of Civil Procedure

2  41(b).  (08-cv 39, Dkt. No. 103.)

3              Federal Rule of Civil Procedure 41(b) provides,

4              If the plaintiff fails to prosecute or to comply with these rules or a
               court order, a defendant may move to dismiss the action or any
5              claim against it.  Unless the dismissal order states otherwise under
               this subdivision (b) and any dismissal not under this rule – except
6              one for lack of jurisdiction, improper venue, or failure to join a
               party under Rule 19 – operates as an adjudication on the merits.
7

8  Fed. R. Civ. P. 41(b).

9               "[A]n adjudication on the merits" means, under the rule, a dismissal with

10  prejudice.  <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 505 (2001); <u>see also</u>

11  <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002).  A dismissal with prejudice bars

12  refiling of the same claim in the same court.  <u>Semtek</u>, 531 U.S. at 506.

13             Plaintiff's claims regarding denial of access to a wheelchair against defendants

14  Barton, Callison, Dial, Roche and Rohfling are barred by the doctrine of res judicata because

15  they were previously adjudicated on the merits in 08-cv-39.  Accordingly, defendants' motion to

16  dismiss these claims against these defendants on the doctrine of res judicata should be granted.

17                         *Alleged Denial of Medical Care Following Stroke*

18             In the instant action, plaintiff alleges that on April 26, 2004, he suffered a stroke.

19  (Dkt. No. 21 at 8.)  Plaintiff alleges that he begged defendant Gillette for help, but defendant told

20  him that writing those 602s would get plaintiff nowhere.  (<u>Id.</u>)  Defendant Gillette refused to

21  provide medical attention to plaintiff.  (<u>Id.</u>)  The undersigned ordered service of Eighth

22  Amendment and retaliation claims against defendant Gillette based on these allegations.

23             As discussed above, plaintiff's claims against defendant Gillette were not

24  previously adjudicated on the merits.  Accordingly, these claims are not barred by the doctrine of

25  res judicata.

26  ////

4

*Alleged Seizure of Medication*

In the instant action, plaintiff alleges that on April 27, 2004, defendant Callison took all of plaintiff's medication.  (Dkt. No. 21 at 8-9.)  The amended complaint filed in 08-cv-39 contains the same claim against defendant Callison.  (08-cv-39, Dkt. No. 34 at 15:3-8.)  Because plaintiff's claim regarding defendant Callison's alleged seizure of his medication on April 27, 2004, was previously adjudicated on the merits in 08-cv-39 (see 08-cv-39, Dkt. No. 103 (order by Judge Damrell dismissing claims pursuant to Federal Rule of Civil Procedure 41(b)), this claim is barred by the doctrine of res judicata.

*Alleged Denial of Request For Outside Doctor*

In the instant action, plaintiff alleges that in 2004, defendants Leo and Roche denied his requests for off-site medical attention for his stroke.  (Dkt. No. 21 at 11-14.)

Plaintiff's amended complaint in 08-cv-39 alleges that defendant Roche denied his request for off-site medical attention for his stroke.  (08-cv-39, Dkt. No. 34 at 18:21-28.)  Because plaintiff's claim regarding defendant Roche's alleged denial of his request for off-site medical attention for his stroke were previously adjudicated on the merits in 08-cv-39 (see 08-cv-39, Dkt. No. 103 (order by Judge Damrell dismissing claims pursuant to Federal Rule of Civil Procedure 41(b)), this claim is barred by the doctrine of res judicata.

The court did not order service of any claims against defendant Leo in 08-cv-39.  Because no claims against defendant Leo were previously adjudicated on the merits, this claim against defendant Leo is not barred by the doctrine of res judicata.

*Alleged Refusal of Brain Scan*

In the instant action, plaintiff alleges that in 2005, defendant James refused to comply with the outside specialist recommendation that plaintiff receive a brain scan.  (Dkt.

////

////

////

5

1    No. 21 at 15.)   Plaintiff's amended complaint in 08-cv-39 contains the same claim against

2    defendant James.[4]  (08-cv-39, Dkt. No. 34 at 19:10-27.)

3              Because plaintiff's claim that defendant James refused to comply with the outside

4    specialist recommendation that he receive a brain scan was previously adjudicated on the merits

5    in 08-cv-39 (see 08-cv-39, Dkt. No. 103 (order by Judge Damrell dismissing claims pursuant to

6    Federal Rule of Civil Procedure 41(b)), this claim is barred by the doctrine of res judicata.

7    IV.  Statute of Limitations

8              Defendants argue that all of plaintiff's claims are barred by the applicable statute

9    of limitations.

10             Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal

11   courts apply the forum state's statute of limitations for personal injury actions.  Lukovsky v.

12   San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir.

13   2004).  Effective January 1, 2003, the applicable California statute of limitations for a personal

14   injury claim is two years.  Blanas, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 335.1).

15   Incarceration can toll the statute of limitations for a maximum of two years.  Cal. Civ. Proc. Code

16   § 352. 1.  Thus, plaintiff must have filed his § 1983 claim within four years of the date it accrued.

17             Although the statute of limitations applicable to § 1983 claims is borrowed from

18   state law, federal law continues to govern when a § 1983 claim accrues.  Wallace v. Kato,

19   549 U.S. 384, 388 (2007).  Under federal law, a claim accrues when the plaintiff knows or has

20   reason to know of the injury which is the basis of the action.  Kimes v. Stone, 84 F.3d 1121,

21   1128 (9th Cir. 1996).

22             California law also allows for equitable tolling where the following three

23   conditions are met: "first, that the plaintiff gave timely notice to the defendant of the plaintiff's

24

25        [4] In the amended complaint filed in 08-cv-39, plaintiff alleges that defendant James
     denied his request for a brain scan in 2004.  (08-cv-39, Dkt. No. 34 at 19:10-27.)  As noted by
26   defendants in the motion to dismiss, this is likely a typographical error, as plaintiff references the
     specialist's report that recommended the brain scan as dated March 2005.  (Id.)

claim; second, that the resultant delay did not cause prejudice to the defendant's position; and third, that the plaintiff acted reasonably and in good faith." Ervin v. County of Los Angeles, 848 F.2d 1018, 1019 (9th Cir. 1988) (citing Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988) and Addison v. State, 21 Cal. 3d 313, 319 (1978); see also Hull v. Central Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328 (1994) (holding that statute of limitations was not equitably tolled because plaintiff did not "diligently" pursue claims).

"[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000). Unlike a complaint that is dismissed with prejudice, a complaint that is dismissed without prejudice can be refiled. Id. "It is true that if the suit is later dismissed with prejudice, any issue concerning the bar of the statute of limitations to the refiling of the suit will be moot because a suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata." Id.

The issue of whether plaintiff's claims previously adjudicated on the merits in 08-cv-39, i.e., dismissed with prejudice, are barred by the statute of limitations is moot as these claims are barred by the doctrine of res judicata.

The undersigned found that the following claims were not barred by the doctrine of res judicata: 1) denial of access to wheelchair against defendant Gillette and Davey; 2) denial of medical care following stroke and retaliation against defendant Gillette; and 3) denial of request for outside doctor against defendant Leo.

As discussed above, the claims made against defendant Gillette in 08-cv-39 were dismissed without prejudice. Neither defendant Leo nor Davey were served in 08-cv-39. Accordingly, the undersigned considers whether the claims against defendants Gillette, Davey and Leo are barred by the statute of limitations based on when the claims accrued.

All of the remaining claims against defendants Gillette, Leo and Davey occurred in 2004. Based on the nature of the claims, it is clear that they accrued in 2004. Plaintiff had

knowledge of the alleged injuries caused by defendants' actions in 2004.  Accordingly, plaintiff had four years to file a timely action against these defendants, i.e., until 2008.  These claims, filed in the instant action in 2011, are not timely.

Plaintiff makes no argument for equitable tolling.  After reviewing the record, the undersigned can find no meritorious argument for plaintiff for equitable tolling.  For these reasons, the undersigned finds that these claims against defendants Gillette, Leo and Davey are barred by the statute of limitations.

V.  Remaining Matters

In the reply to plaintiff's opposition, defendants argue that plaintiff cannot raise new claims in his opposition that were not raised in the amended complaint.  While it is not clear that plaintiff is attempting to raise new claims in his opposition, the undersigned agrees with defendants that an opposition to a motion to dismiss is not an appropriate place to raise and argue new claims.  See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)

In the motion to dismiss, defendants state that although the Office of the Attorney General does not represent defendant Mangis, all claims against him should be dismissed because they are barred by the statute of limitations and res judicata.

Because defendant Mangis has not appeared in this action, the undersigned will not address whether the claims against him are barred by the statute of limitations or res judicata.  However, the undersigned observes that defendant Mangis was not named as a defendant 08-cv-39.  Accordingly, the doctrine of res judicata would not be not applicable to the claims against defendant Mangis.  In addition, affirmative defenses, such as the statute of limitations must be pled by the defendant.  Fed. R. Civ. P. 8(c).[5]

---

[5]  As noted above, by a separate order, the undersigned recommends the dismissal of defendant Mangis from this action for failure to serve him with the summons and complaint.  However, even if defendant Mangis was served with the summons and complaint, defendants' counsel appears correct that they could then assert the statute of limitations as an affirmative defense and have all claims against defendant Mangis dismissed.

1     On October 16, 2012, the undersigned ordered that plaintiff's opposition to

2 defendants' motion to dismiss was due within fourteen days.  On October 17, 2012, plaintiff filed

3 a motion for a twenty-day extension of time to file his opposition to defendants' motion to

4 dismiss.  On October 31, 2012, plaintiff filed his timely opposition.  Accordingly, plaintiff's

5 October 17, 2012 motion for extension of time is denied as unnecessary.

6     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for extension of

7 time (Dkt. No. 54) is denied;

8     IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Dkt.

9 No. 44) be granted; and, if the district judge has also approved the accompanying order

10 recommending the dismissal of defendant Mangis, then all claims be dismissed and this action

11 should be closed.

12     These findings and recommendations are submitted to the United States District

13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

14 one days after being served with these findings and recommendations, any party may file written

15 objections with the court and serve a copy on all parties.  Such a document should be captioned

16 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

17 objections shall be filed and served within fourteen days after service of the objections.  The

18 parties are advised that failure to file objections within the specified time may waive the right to

19 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED:  November 20, 2012

21

22                                        _Kendall J. Newman_____

23                                        KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

24

25

26

9